UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA, VIA ECF

-against- MEMORANDUM OF LAW

SILVIANO CHRISTMAN,

14 CR. 236 (CS)

Defendants.

----------------------------------x

GENERAL BACKGROUND

Silviano Christman is on supervised release for a Federal Attempted Bank Robbery conviction. While on supervision on June 10, 2019, he was arrested on New York State charges arising out of a domestic violence incident in New York City.

He was indicted on ten counts which included felony and misdemeanor charges. Following a bench trial on November 15, 2021, Mr. Christman was convicted of four of these offenses:

Count 4: *Aggravated Family Offense relating to Misd. Assault, (PL 240.75-1)

Count 5: Aggravated Family Offense relating to Misd. Obstruction of Breathing, (PL 240.75-1)

Count 8: Misdemeanor Assault (same as Count 4) (PL 120.00-1)

Count 9: Criminal Obstruction of Breathing or Blood Circulation

(Same as Count 5) (PL 121.11-A)

Although Mr. Christman was acquitted of the top felony counts, including Burglary in the First Degree, Criminal Possession of a Weapon, Menacing in the Second Degree and Unlawful Imprisonment First Degree, he was convicted of the felony of aggravated family offense. The 'aggravated family offense" designation permits the prosecution to elevate a misdemeanor (both of Mr. Christman's substantive offense convictions were for state misdemeanors) to a low-level felony when the accused has been previously convicted of any of the numerous crimes designated by the statute within the previous five years.

Following the state trial verdict US Probation Officer Amber S. Wilton filed an amended violation of supervised release petition dated 12-2-21 containing eight separate violation specifications. Four of the specifications (5-8) relate to Mr. Christman's New York State court verdict. At issue is whether specifications 5 and 6, each expressly based upon Mr. Christman's conviction of Aggravated Family offense (PL 240.75(1), a class E state felony, are Grade A violations as "crimes of violence" within the meaning of Guideline section 7B1.1(a)(1), resulting in enhanced advisory sentence guideline penalties.

LEGAL AUTHORITIES

Under 7B1.1 there are three categories of supervised release violations based upon conduct constituting new criminal convictions, Grades A, B and C, with Grade A being the most severe with the highest recommended guideline sentence. Grade A violations apply to conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence... A crime of violence is defined in 4B1.2 as "any offense under federal or state law, punishable for imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another … "

The term "crime of violence" appears throughout the guidelines as well as in various statutes that increase a defendant's sentence exposure and/or recommended guideline sentence or result in other negative consequences in various contexts, i.e., Armed Career Criminal Act (ACCA), 18 USC 924, the Immigration and Nationality ACT (INA), and the Career Offender Guidelines (4B1.1).

The Supreme Court and the Second Circuit have interpreted 4B1.2's definition of "crime of violence" consistently in all contexts; applying a "categorical approach" to determine whether

a particular state offense would constitute a crime of violence for the purpose of sentence enhancement. Taylor v. United States 495 US 575, 588-589 (1990); United States v. Moore, 916 F.3d 231, 240 (2d Cir. 2019).

Under a categorical approach, the Court looks to the elements of a crime, and not how a given defendant perpetrated the crime, to decide if the offense, as defined by the statute matches 4B1.2's criteria for a crime of violence. Mathis v. United States, 136 S.Ct. 2243, 2248, 2251-2252 (2016).

The process triggers a categorical inquiry to determine the minimum criminal conduct necessary to satisfy the elements of a crime, without regard to whether the defendant himself engaged in more egregious conduct. A court must then decide whether a necessary component of that minimum conduct is the defendant's use of physical force; "force capable of causing physical pain or injury to another person." United States v. Scott, 990 F.3d 94, 104-105 (2d Cir. 2021).

Aggravated family offense in violation of New York Penal Law 240.75 is a class E felony. Under the statutory scheme if an individual is convicted of a misdemeanor included in the specified offense listed in subdivision two of the statute and had been previously convicted within the prior 5-year period of one or more of the specified offenses, the person would be

guilty of Aggravated family offense (a felony) rather than a misdemeanor. Subdivision two lists over fifty "specified offenses" and many of the listed offenses would not constitute a crime of violence within the meaning of 4B1.2 of the Guidelines.

Use of physical force against a person would not be a necessary element to establish the minimum criminal conduct to constitute Aggravated family offense.

In United States v. Mathis, 136 S. Ct. at 2249, the Court found that a "modified categorical approach" could be applied to statutes that defined multiple crimes and would be divisible into separate offenses. (See also Pereida v. Wilkinson, 141 S.Ct. 754 (2021). "To address that need, this Court approved the "modified categorical approach" for use with statutes having multiple alternative elements. See, *e.g., Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of. See *ibid.*; *Taylor,* 495 U.S., at 602, 110 S.Ct. 2143. The court can then compare that crime, as the categorical approach commands, with the relevant generic offense. This case concerns a different kind of alternatively phrased law: not one that lists multiple elements

disjunctively, but instead one that enumerates various factual means of committing a single element." 136 S. Ct. 2249.

USSG 7B1.2 Commentary app not 1 provides that when a violation is based upon the condition that the defendant does not commit a federal, state or local crime, "A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of the criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct."

This Application Note seems to suggest that the Grade of a violation is only based upon a defendant's actual conduct and that the grade of the charged criminal conduct is not relevant. However, this interpretation would clash with the plain meaning of the 7B.1 Guideline text. Further, we are not dealing with "uncharged" conduct. With respect to the Christman Petition, specification 5 and 6 indicate that the state crime conviction and classification as a felony is the basis for the grade of the violation.

Were the Court to apply a categorical approach analysis in the revocation context to decide whether the defendant committed

a "crime of violence" under 7B1.1(a)(1) as a result of his aggravated family offense convictions, counts 5 and 6 would not be grade A violations since use of physical force against a person would not be a necessary element to establish the minimum criminal conduct necessary to constitute this offense.

At most they would constitute Grade B violations.

Were and could the Court apply a "modified categorical approach" to the Aggravated family offense statute the outcome would depend on whether Aggravated family offense was a statute that defined multiple crimes and would be divisible into separate offenses. The statute itself only consist of a single defined offense section PL 240.75(1). As a result of the statutory scheme the statute itself defines an almost unlimited number of offenses depending upon a combination of the "specific offense" committed (which may or may not constitute a crime of violence) and the "specific offense" that was the subject of a prior conviction (which also may or may not be a crime of violence and may or may not be a felony).

I have not been able to find any Second Circuit case that has addressed the issue of whether a categorical approach or modified categorical approach is applicable in the revocation context to decide whether the defendant committed a "crime of violence" under 7B1.1(a)(1).

However, the issue has been addressed in several other circuits with varying results.

` United States v. Willis 795 F.3d 986 (9th Cir. 2015) – Court determined categorical analysis was applicable to supervised release context and 7B1.1(a)(1) with respect to violation based upon state felony convictions for crimes of violence. However, Court determined that applicable statute was divisible and remanded the case for district court judge to do a modified categorical approach divisibility analysis.

United States v. Garcia-Cartagena – 953 F.3d 14 (1st Cir. 2020) – Court rejected Government argument that categorical approach did not apply. However, the Court seemed to apply a hybrid analysis that included a combination of the categorical approach, modified categorical analysis and actual conduct approach. The Court in its holding did not resolve the issue of whether defendant's domestic violence conditions were grade A violations, since it only determined that the District Court Judge did not commit reversible error in holding that a drug offense was a Grade A violation.

United States v. Golden, 843 F.3d 1162, 1166-67 (7th Cir. 2016). United States v. Mendoza, 782 F.3d 1046, 1048 (8th Cir. 2015) – Did not apply categorical or modified categorical analysis but rather relied on commentary statement "The grade of

the violation does not depend upon the conduct that is the subject of the criminal charges or of which the defendant is convicted in a criminal proceeding. Rather the grade of the violation is based on the defendant's actual conduct. USSG 7B1.1, cmt. n.1."

Further, I have found no authorities which specifically addressed the New York Aggravated family offense statute (PL 240.75) in the context of a Supervised Release Revocation proceeding under 7B1.1.

## CONCLUSION

I am requesting that the Court make a finding that the categorical approach is applicable in the revocation context to decide whether the defendant committed a "crime of violence" under 7B1.1(a)(1). Further I am requesting that the Court find that the Aggravated family offense statute is not readily divisible and subject to a modified categorical approach analysis under Mathis.

I am requesting that under a categorical approach Aggravated family offense is not a crime of violence within the meaning of 7B1.1(a)(1) and 4B1.2. At most specifications 5 and 6, predicated upon Mr. Christman's state felony convictions,

constitute grade B violations.

Dated: Port Chester, New York

February 16, 2022.

Respectfully Submitted,

/S/ Joseph A. Vita

__________________________________

Joseph A. Vita, Esq.
Attorney for Silviano Christman
52 Irenhyl Avenue
Port Chester, New York 10573
914-939-5401

To: UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK
300 QUARROPAS STREET
WHITE PLAINS, NEW YORK 10601